RBFC ONE, LLC, Plaintiff–Counter–Defendant–Appellant,

v.

ZEEKS, INC., doing business as Nsync, Justin Randall Timberlake, Christopher Alan Kirkpatrick, James Lance Bass, Joseph Fatorn, Jr., Joshua Scott Chasez, and John Does 1–20, Defendants–Counterclaimants–Appellees.

No. 05–3453–CV.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Farhad Novian; Novian & Novian LLP, Los Angeles, CA; Michael L. Levine; Evan S. Zimmermann, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Helene Marian Freeman (Bruce R. Ewing, on the brief); Dorsey & Whitney, New York, NY, for Defendants–Counterclaimants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

---

* The Honorable William K Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant, RBFC One, LLC ("RBFC"), appeals from the April 26, 2005 judgment of the United States District Court for the Southern District of New York (Douglas F. Eaton, Magistrate Judge) granting summary judgment to the Defendants–Appellees, dismissing RBFC's claims of breach of contract, fraud, and tortious interference with prospective business relations. RBFC appeals the dismissal of its fraud and breach of contract claims on the ground that genuine issues of material fact existed. Familiarity with the record below and issues on appeal is presumed.

We review the district court's grant of summary judgment claims *de novo* and draw all permissible factual inferences in favor of the non-moving party. *Atlantic Mut. Ins. Co., Inc. v. CSX Lines, L.L.C.,* 432 F.3d 428, 433 (2d Cir.2005). Summary judgment is appropriate if we find "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Specifically, RBFC argues that triable issues of material fact exist regarding whether notice of the alleged breaches was proper and whether the Agreement's notice provision was waived through the parties' course of conduct. For essentially the reasons discussed by the court below, we find that RBFC failed to satisfy the requirements of the Notice and Right to Cure provisions in the Amended Agreement and also failed to establish waiver of these provisions. RBFC's failure to comply with the applicable notice and cure provisions bars its breach of contract claims. *See Medinol Ltd. v. Boston Scientific Corp.,* 346 F.Supp.2d 575, 620 (S.D.N.Y.2004) ("If a party chooses to continue performance, it must give notice of breach to the other side, or it waives its right to sue the breaching party.") Furthermore, we agree with the district court that even if notice was established, the defendants effectively cured the alleged breaches.

In addition, we agree that RBFC has failed to assert fraud claims that either: (i) are predicated on a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 20 (2d Cir.1996). Because the fraud claims involve issues intrinsic to the Agreement itself, the district court properly dismissed them.

We have considered petitioner's remaining contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.